NAME: Johnnie James #0961420     DATE: 3/24/16

ROXBURY CORRECTIONAL INSTITUTION
18701 ROXBURY ROAD
HAGERSTOWN, MARYLAND 21746

TO: CLERK OF THE COURT
    UNITED STATES DISTRICT COURT

RDB-16-946

## MOTION FOR APPOINTMENT OF COUNSEL

The defendant above is visually impaired (blind) and is serving a sentence at the Roxbury Correctional Institution in the State of Maryland. Due to the defendant's impairment, he is requesting the following from the Federal District Court Judge:

1. Appointment of Counsel under 28 U.S.C. 1915, 1975(E)(2), and where indigent claimant presents exceptional circumstances (See <u>Cook v. Bounds</u>, 518 F.2d 779 at 779 (4th Cir. 1975); also <u>Branch v. Cole</u>, 686 F.2d 264 at 266 (5th Cir. 1982; and <u>Whisenant v. Yuam</u>, 739 F.2d 160 at 163 (4th Cir. 1984)

   A. The defendant is in need of counsel for assistance in filing a Federal Civil Rights challenge (42 U.S.C. §1983) due to the fact that Roxbury Correctional Institution does not provide the tools necessary to protect their rights to obtain relief the vision impaired (blind) inmates desperately need.

   B. I am an inmate writing this motion for the defendant above because the institution does not provide the vision-impaired (blind) inmates with the material to do it themselves. I have no legal

experience and the Correctional Officers may cause me physical harm if they find out I'm helping the vision impaired (blind) inmates. I don't know what to do. There has been many "Administrative Remedies" filed and ignored. Over eight (8) years they have known vision-impaired inmates (blind) have stressed their complaints and concerns, yet this Institution <u>has not</u> added to or made changes so that the vision-impaired (blind) inmates can have the equipment they need to have <u>access to the courts</u>. I do know vision-impaired inmates (blind) have a right to file certain petitions with the courts: Criminal Appeals (including Post Conviction petitions and Habeas Corpus petitions and appeals) and challenges to conditions of confinement.

C.  <u>INMATES</u> ARE FILING PETITIONS FOR THE VISION-IMPAIRED (blind) inmates, and we are not lawyers and I have only a ninth (9th) grade education and this Institution does not provide <u>any assistance</u> or <u>material</u> for the vision-impaired (blind) inmates to have access to the courts. Many of the vision-impaired (blind) inmates have had their grievances (post convictions, habeas corpus and appeals) written and filed by other inmates who are not qualified to do so out of necessity. Other vision-impaired (blind) inmates have had many grievances (post conviction appeals and habeas corpus petitions) dismissed due to other inmates filing on their behalf (by the other inmate's mistakes). This can be misleading to the vision-impaired (blind) inmate and misleading to the courts as well as violation of the vision-impaired inmate's First Amendment Right (<u>Lewis v. Casey</u>, 518 U.S. 343 at 355, 116 S.Ct. 2174 (1996); <u>Hudson</u>

v. Palmer, 468 U.S. 517 at 523, 104 S.Ct. 3194 (1984).

The vision-impaired (blind) inmate should not have to rely upon other inmates to supervise or direct them when they need legal assistance in filing any legal filing. This may hinder cases in the local courts as well as Federal courts from receiving fair hearings in the courts of law. This is also a direct violation of this Institution's rules and regulations (DCD 200-1 V.(A)(4).

Below, the Court will find a list of complaints that may warrant appointment of counsel:

1. Failure to provide material and/or assistance for the vision-impaired (blind) inmates to file an "Informal Inmate Complaint Form", Appendix 2 to DCD 185-002; and resubmissions, Appendix 3 to DCD 185-002.

2. Failure to provide material and/or assistance for the vision-impaired (blind) inmates to file motions in the State courts, State courts of appeal, Federal courts and Federal courts of appeal.

3. Failure to provide material and/or assistance for the vision-impaired (blind) inmates to access legal services - DCDs 195-1, 200-2, 135-2, and DCD 200-1 V(G).

4. Failure to provide material and/or assistance for the vision-impaired (blind) inmates to have equal access with all

inmates to join programs, services and activities without regard to race, religion, national origin, sex, <u>disability</u> or political beliefs under DCD 200-1 V(B) <u>Nondiscrimination</u>.

5. Failure to provide material for the vision-impaired inmates concerning (disabled) inmate rights per DCD 200-1 VI(B)(C) 1-2.

6. Failure to provide safety and security within this Institution by double-celling vision-impaired (blind) inmates knowing that they cannot protect themselves against violent inmates (<u>Harris v. Angelina County</u>, 31 F.3d 331 at 334-336 (5th Cir. 1994)).

7. Failure to provide safety and security within this Institution by not providing material for the vision-impaired (blind) inmates to send or receive mail in a legal manner by having other inmates read and write personal and legal mail for the vision-impaired (blind) inmates which is not consistent with Division of Correction responsibility to not put vision-impaired (blind) inmate's family members in danger, as well as the vision-impaired (blind) inmates themselves. This is dangerous because family addresses are exposed and legal mail may be misleading or expose their crime.

8. Failure to provide a Division of Correction Inmate Handbook on audio, detailing inmate rights for the disabled (vision-impaired (blind)) inmates while they are being housed in this Institution per DCD 200-1 Vl (B)(C) 1-2.

Vision-impaired (blind) inmates in the Roxbury Correctional Institution have never had the material or assistance to file Administrative Remedies, Grievances, post-trial petitions or appeals on their own. There are some vision-impaired (blind) inmates who have had other inmates file their Administrative Remedies, Grievances, petitions or appeals, and the inmate could not finish the process due to Correctional Officers threatening to move us into other buildings, which may cause us to get assaulted or worse. That is why many of the vision-impaired (blind) inmates are unable to start or finish the Administrative Remedy process. Some of the vision-impaired (blind) inmates have on record where they have tried to get assistance in filing important papers which they couldn't finish on their own because of their disability and the prison's failure to provide the vision-impaired (blind) inmates with the means to do so on their own. (See Foulk v. Charrier, 262 F.3d 687 at 689 (8th Cir. 2001)).

Please take into consideration all of these issues I have provided in this "Motion for Appointment of Counsel" under 28 U.S.C. 1915, 1975 (E)(I).

I am a vision-impaired (blind) inmate who agrees with this motion and seeks counsel by this motion for this Court.

Respectfully submitted,

Johnny James *[signature]*
print and sign name

(5)