IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEVEN BROWN, *et al.* | * |
| Plaintiffs, | * |
| v. | * |
| | *     Civil Action No. RDB -16-945 |
| DEPARTMENT OF PUBLIC SAFETY & CORRECTIONAL SERVICES, *et al.* | * |
| | * |
| Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### PLAINTIFFS' MOTION FOR SANCTIONS UNDER RULE 37(b)(2)

Plaintiffs, Steven Brown, Johnnie James, Robert Wilson, Maynard Snead, Russell Hopkins, Tyrell Polley, Gregory Hammond, Sedric Holley, and Wilbert M. Delano, by the undersigned counsel, respectfully move this Court for sanctions against Defendants for their failure to obey the Court's Amended Scheduling Order, Dkt. 86.  In support of their Motion, Plaintiffs state the following:

1. On December 21, 2018, the Court amended its Scheduling Order to provide that the close of discovery would be March 1, 2019. The Court directed the parties to file a joint status report on March 1, 2019. Dkt. 86.

2. On March 1, 2019, at 5:24 PM, in the course of drafting the joint status report, Defendants, for the first time, informed Plaintiffs that they would not produce electronically stored information ("ESI") until March 15, 2019. Defendants offered no explanation for this failure to produce according to the Court's order.

3. In response to Plaintiffs' objection to the unilateral extension of the discovery deadline, Defendants stated that they would produce ESI on March 11, 2019.

1

4.     On March 4, 2019, the parties met and conferred regarding Defendants' ESI production, among other issues. Counsel for Defendants agreed to try to produce ESI on a rolling basis but stated that they did not have the ability to finish production before March 11.

5.     This Court has already granted Defendants a delay in their deadlines for responding to Plaintiffs' October 1, 2018 document requests to January 31, 2019, and a delay of the scheduled trial date in this matter from March 11, 2019, to April 22, 2019.  Dkt. 86.

6.     Dispositive pre-trial motions are due on March 18, 2019, just seven days (five business days) after Defendants' unilaterally proposed date for producing ESI, and briefs in opposition to summary judgment are due just one week later. Dkt. 86.

7.     In addition, in meeting and conferring on this issue and other discovery disputes on March 1 and March 4, 2019, Defendants argued that certain unspecified internal discussions among DPSCS staff since this case was filed are being withheld pursuant to claims of executive privilege, attorney-client privilege, confidentiality, and Federal Rule of Evidence 408. Plaintiffs dispute the application of these privileges to communications among DPSCS staff, but Defendants have not yet produced a privilege log and do not intend to do so until March 11. If Defendants withhold emails and other ESI communications among DPSCS staff on these grounds and do not identify withheld documents until March 11, Plaintiffs will have no ability to challenge such privilege claims prior to the deadline for summary judgment briefing. Magistrate Judge Gesner's discovery dispute procedure, Dkt. 101, requires the receiving party to review the production, meet and confer with the producing party, and submit a joint letter outlining the subject matter of the dispute, followed by individual letters from each party within 24 hours, followed either by Judge Gesner's decision or by a telephone conference among all parties.  If Defendants were to produce their ESI by close of business on March 11, even assuming

Plaintiffs were able to review the produced emails and other ESI, as well as the privilege log, in one day on March 12, and meet and confer with Defendants and file the joint letter on March 13, each party's individual letters would not be due until March 14.  If Magistrate Judge Gesner ruled on the issue on March 15 and required Defendants to produce the withheld emails and other ESI that same day, Plaintiffs would have one the business day before summary judgment briefs are due.

8. Defendants' failure to timely produce ESI, and failure to notify and seek either Plaintiffs' or this Court's consent to their unilateral plan to produce ESI after the established deadlines substantially prejudices Plaintiffs' ability to timely and effectively file for summary judgment and to oppose any motion filed by Defendants.  Defendants' tactic of delaying and withholding documents until after this Court's deadlines permits them to engage in litigation by ambush.  Allowing Defendants to use evidence that has not been timely disclosed to Plaintiffs, despite Plaintiffs' discovery requests filed over five months ago, is prejudicial, particularly in a case, such as this, where the deadlines for dispositive motions and trial are short.

9. According to the Federal Rules of Civil Procedure, "If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," including

(i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv)  staying further proceedings until the order is obeyed;
(v)   dismissing the action or proceeding in whole or in part;
(vi)  rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2).

10. Wherefore, Plaintiffs respectfully request that, as a limited sanction for disobeying the Court's Amended Scheduling Order, the Court order:

a) that Defendants shall not use any information or documents produced after March 1, 2019, in support of or opposition to a dispositive motion;

b) that an adverse inference be drawn against Defendants for purposes of summary judgment that the individual Defendants and the Department of Public Safety and Correctional Services had the requisite knowledge, intent, and/or reckless disregard to merit damages to Plaintiffs for each legal violation proven by Plaintiffs;

c) that Plaintiffs be permitted to file supplemental briefs in support of or in opposition to motions for summary judgment if necessary to raise or respond to any information contained in Defendants' late-produced ESI; and

d) such other and further relief as the Court determines appropriate.

11. In addition, Plaintiffs respectfully request that Defendants be required to pay the Plaintiffs' attorneys' fees and costs associated with meeting and conferring and preparing and arguing this motion regarding Defendants' late ESI production.

                            Respectfully submitted,

Date: March 5, 2019                                                 /s/
                                             Stephen Z. Meehan (Federal Bar No. 23915)
                                             Damien Dorsey (Federal Bar No. 19194)
                                             Prisoner Rights Information System of MD, Inc.
                                             P.O. Box 929
                                             Chestertown, Maryland 21620
                                             Telephone: 410-528-1400
                                             Telecopier: 410-528-1550
                                             Electronic Mail: smeehan@prisminc.org

_/s/_
Eve L. Hill (Federal Bar No. 19938)
Jessica P. Weber (Federal Bar No. 17893)
Abigail Graber (Federal Bar No. 19727)
James T. Fetter (Federal Bar No. 20727)
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, Maryland 21202
(410) 962-1030 (phone)
(410) 385-0869 (fax)
ehill@browngold.com
agraber@browngold.com
jweber@browngold.com
jfetter@browngold.com

*Attorneys for Plaintiffs*
