CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

March 12, 2019

Memorandum to Counsel

    Subject:    Brown et al. v. Department of Public Safety and Correctional Services et al.
                      Civil No.: RDB-16-945

Dear Counsel:

       This letter confirms the results of the motions hearing held on March 11, 2019. Prior to the hearing, I reviewed plaintiffs' letter dated March 6, 2019 (ECF No. 143) and defendants' letter dated March 6, 2019 (ECF No. 144) requesting my assistance in resolving a discovery dispute pursuant to my informal discovery dispute procedure (ECF No. 101). I also reviewed plaintiffs' Motion for Sanctions Under Rule 37(b)(2) ("Motion for Sanctions") (ECF No. 141), plaintiffs' Revised Motion for Sanctions Under Rule 37(b)(2) ("Revised Motion for Sanctions") (ECF No. 145), and defendants' Opposition to plaintiffs' Revised Motion for Sanctions ("Opposition") (ECF No. 147).

       In their Revised Motion for Sanctions, plaintiffs ask for sanctions due to defendants' delayed production of discovery, including electronically stored information ("ESI"), non-party blind inmate files, and a privilege log. (ECF No. 145 at 4–5). As stated by defendants in their Opposition and during the motions hearing, defendants produced all ESI and their privilege log to plaintiffs on March 11, 2019. (ECF No. 147 at 2). As to the non-party blind inmate files, defendants are in the process of obtaining these documents and are to produce documents to plaintiffs as soon as possible and on a rolling basis. Accordingly, plaintiffs' motion is denied, as the sanctions sought by plaintiffs are inappropriate at this time. If plaintiffs later believe that they need to file supplemental briefs in support of, or in opposition to, motions for summary judgment in order to raise or respond to any information contained in any discovery produced after March 13, 2019, plaintiffs may direct their request to do so to my attention.

       In their letter dated March 6, 2019 (ECF No. 143), plaintiffs ask that defendants be compelled to respond to eight interrogatories and four requests for production. During the hearing, each of these discovery requests was discussed, and the purpose of this letter is to summarize the further action to be taken by each party as to each discovery request.

       For Brown Interrogatory No. 16, plaintiffs are to advise defendants as to which positions plaintiffs applied for but were not selected, or direct defendants to which interrogatories contain said information. Defendants are then to answer this interrogatory as narrowed for each position identified by plaintiffs.

       For Holley Interrogatory No. 6, defendants are to supplement their answer to clarify their position regarding blind inmates' ability to participate in programs as stated during the hearing.

Brown et al. v. Department of Public Safety and Correctional Services et al.
Civil No.: RDB-16-945
March 12, 2019
Page 2

For Delano Interrogatory No. 8, plaintiffs have narrowed their request to information regarding training of inmates who participate in the walker program. Defendants are to supplement their answer to clarify their response as stated during the hearing.

For Delano Interrogatories Nos. 9 and 14, as well as James Requests for Production Nos. 17–19, plaintiffs are to narrow their request and provide defendants with any information they have regarding the identity of inmates who served as walkers for plaintiffs. Defendants are to investigate whether it is possible to identify inmates who served as walkers and, if so, supplement their answers to plaintiffs' narrowed requests.

For Wilson Interrogatory No. 14, defendants are to answer this interrogatory in full.

For Holley Interrogatory No. 14, plaintiffs have narrowed this request to Alcoholics Anonymous, Narcotics Anonymous, Thinking for a Change, Anger Management, Alternatives to Violence, and the Maryland Correctional Enterprises graphics plant at RCI. (ECF No. 142-1 at 4). Defendants are to answer this narrowed interrogatory in full.

For Snead Interrogatory No. 18, plaintiffs stated during the hearing that they were willing to narrow this request to auxiliary aids and services, i.e., National Library Service cartridges and cartridge players, ZooMax, KNFB Readers, click rules, Victor Reader Stream, tactile calipers, slates and styluses, computers, MP3 players, CD players, tape players, or other music players, devices with USB charger cords, USB storage devices, tape recorders or audio recorders, and cameras. Defendants are to answer this narrowed interrogatory in full.

For Snead Request for Production No. 7, plaintiffs are to narrow their request to any specific auxiliary aids or programs that were considered by DPSCS independent of requests by inmates. Defendants are then to answer this interrogatory as narrowed for each aid or program identified by plaintiffs.

Defendants are to produce all outstanding documents and answer all interrogatories as noted above by the close of business on **Wednesday, March 13, 2019**.[1]

Additionally, the parties are to make themselves available to meet and confer regarding the document productions discussed herein and any potential objections to defendants' privilege log. By **Wednesday, March 13, 2019**, defendants are to provide plaintiffs and the court with any law that they rely upon in support of their claim of privilege.

---

[1] Defendants may request to extend this deadline if they present me with good cause for an extension as to a particular document.

      Notwithstanding the informal nature of this letter, it is an Order of the court and will be docketed accordingly.

Very truly yours,

/s/

Beth P. Gesner
Chief United States Magistrate Judge