# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN BROWN, *et al.*, | * | |
| *Plaintiffs*, | * | |
| v. | * | No. 16-cv-945-RDB |
| DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, *et al.* | * | |
| | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MOTION *IN LIMINE* TO BAR PLAINTIFFS FROM ADMITTING INFORMATION EXCHANGED DURING SETTLEMENT DISCUSSIONS

Defendants, the Maryland Department of Public Safety and Correctional Services ("DPSCS"), Stephen Moyer, Dayena M. Corcoran and Richard Miller, former officers and/or employees of the State of Maryland in both their official and personal capacities ("Defendants"), hereby move for an order precluding Plaintiffs from admitting as evidence at trial any information exchanged during settlement discussions between the parties.

1. After this case was filed, Plaintiffs and Defendants engaged in settlement discussions that resulted in the exchange of significant amounts of information.

2. To facilitate these discussions, the parties entered into two written confidentiality agreements. These agreements are attached hereto as Exhibit 1 and Exhibit 2.[1]

3. The confidentiality agreements provide, in pertinent part, that information exchanged by the parties pursuant to settlement discussions is inadmissible as evidence in any court proceeding: "No person may rely on or introduce as evidence in any arbitral, judicial, or other proceedings, information pertaining to the resolution efforts." Exhibit 1.

4. More specifically, the agreements state that such inadmissible information includes, but is not limited to, "views expressed or suggestions made by a Party," "the fact that another Party had or had not indicated willingness to accept a proposal for settlement," and "proposals made or views expressed by the Parties, their agents, their consultants, State entity representatives or agents, or other persons."

5. In light of the clear terms of the agreements signed by the parties, information exchanged in settlement discussions should not be admitted as evidence.

WHEREFORE, for the reasons stated herein, Defendants respectfully request that the Court enter an order barring Plaintiffs from introducing as evidence any information exchanged in settlement discussions between the parties.

---

[1] The confidentiality agreement attached as Exhibit 1 covers settlement information generally, while Exhibit 2 more covered a specific meeting and tour of Roxbury Correctional Institution.

Respectfully submitted,

BRIAN E. FROSH
Attorney General


/s/ Robert A. Scott
ROBERT A. SCOTT (Fed. Bar # 24613)
JENNIFER L. KATZ (Fed. Bar # 28973)
JOHN M. LEOVY (Fed. Bar # 20803)
KIRSTIN LUSTILA (Fed. Bar # 02103)
Assistant Attorneys General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-7055 (tel.); 410-576-6955 (fax)
rscott@oag.state.md.us
jkatz@oag.state.md.us

LISA O. ARNQUIST (FED. Bar No. 25338)
MICHAEL O. DOYLE (FED. Bar No. 11291
Assistant Attorneys General
Department of Public Safety &
Correctional Services
300 E. Joppa Road, Suite 1000
Towson, Maryland 21286
(410) 339-7568
(410) 764-5366 (facsimile)
lisa.arnquist@maryland.gov
michaelo.doyle@maryland.gov

Attorneys for Defendants